# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLYMPIA EXPRESS, INC., an Illinois corporation; and NEOTOURS, LTD., an Illinois corporation, ) ) ) ) | |
| Plaintiffs, ) | |
| ) | No. 02 CV 2858 |
| vs. ) | Magistrate Judge Schenkier |
| ) | |
| LINEE AEREE ITALIANE S.p.A., D/B/A ALITALIA AIRLINES, a foreign corporation, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On September 2, 2008, this Court issued Findings of Fact and Conclusions of Law ("Findings and Conclusions") (doc. # 246), entering judgment for plaintiffs and against defendant, Linee Aeree Italiane S.p.A., d/b/a Alitalia Airlines ("Alitalia") on plaintiffs' breach of contract claim. Based on the shortcomings in plaintiffs' evidence, we denied plaintiffs' request for an award of lost profits damages and, instead, awarded plaintiffs the amount of $1.00 in nominal damages (Findings and Conclusion, Concl. No. 45). We also awarded plaintiffs their costs of suit (other than attorneys' fees) as the prevailing parties, pursuant to Fed.R.Civ.P. 54(d)(1) (*Id.*).

Plaintiffs have filed a bill of costs seeking $39,565.04 (doc. # 249). These costs include: (1) $39,065.39 in costs incurred through the original trial of this matter in October 2006, and reflect an amount we awarded in an opinion dated February 27, 2007 (doc. # 192: Mem. Op. and Order at 43-49); and (2) an additional $499.65 in costs incurred on remand, after the Seventh Circuit reversed the jury verdict in the original trial (doc. # 250: Pls.' Mem. at 2). Alitalia has filed a response to the

bill of costs (doc. # 267). Alitalia does not dispute that under Rule 54(d), a prevailing party may recover costs both for an original trial verdict later reversed, and for proceedings on remand where the party once again obtains a judgment. Nor does Alitalia challenge the necessity or reasonableness of the costs plaintiffs claim. As a result, Alitalia has waived any argument on these matters. *Palmer v. Marion County*, 327 F.3d 558, 597-98 (7th Cir. 2003).

What Alitalia does dispute is the threshold matter of whether plaintiffs are "prevailing parties" within the meaning of Rule 54(d)(1). Alitalia points out that while plaintiffs originally claimed damages of some $17 million, they recovered only $1.00 in nominal damages (doc. # 267: Alitalia Resp. at 2-3). Alitalia contends that in cases where there is "a substantial difference between the judgment recovered and the recovery sought" the victory on liability "is in fact purely technical" and provides "justification for a denial of costs" (*Id.* at 1-2).

Rule 54(d) carries a strong presumption in favor of awarding costs to a prevailing party. *See, e.g., Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). *See also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). This presumption "is difficult to overcome" and "the district court's discretion is narrowly confined–the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. *See also Sanglap v. LaSalle Bank, FSB*, 194 F. Supp.2d 798, 801 (N.D. Ill. 2002).

That said, we recognize that it is within our discretion to deny costs if a party's victory is merely technical. We emphasize that this is a matter of discretion; there is no bright line rule that a plaintiff who recovers nominal damages only cannot recover costs under Rule 54(d). The cases that Alitalia cites make that point. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 121 (1992) (finding that a substantial difference between the damage award and the amount of damages sought can support

2

a denial of costs to the prevailing party); *Perlman v. Zell*, 185 F.3d 850 (7th Cir. 1999)(modest recovery in relation to demand implies that defendant won more than they lost and if plaintiff recovers less than ten percent of demand then plaintiff has not prevailed and this should be considered in deciding whether to award costs); *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996) (prevailing party is one that prevails on a substantial portion of the litigation, and in the case of a mixed outcome, it is reasonable for all parties to bear their own costs). None of these cases requires a denial of costs merely because a plaintiff's recovery falls short – even far short – of what was sought. And, indeed, plaintiffs have cited cases (doc. # 268: Pls.' Reply at 3) in which Rule 54(d) costs have been awarded to a party who recovered only nominal damages. *See, e.g., Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001); *In Re Financial Partners Class Action Litig.*, No. 82 C 5910, 1988 WL 48356, * 1 (N.D. Ill. May 9, 1988).

In its Findings and Conclusions, the Court concluded that plaintiffs were the prevailing party (Findings and Conclusions, Concl. No. 45). That conclusion reflected our judgment that the judgment that plaintiffs obtained warranted the award of costs, notwithstanding the nominal damage award they obtained. We stand by that judgment.

Alitalia seeks to minimize the fact that after long and hard fought litigation, plaintiffs obtained a judgment that Alitalia breached their contract. Plaintiffs established that Alitalia's conduct in its dealings with plaintiffs was far from exemplary (Findings and Conclusions, Concl. No. 17), and fell "far below the standard we would expect of a major international corporation" (*Id.*, Concl. No. 45). The fact that plaintiffs failed to sufficiently prove the extent of the damage they suffered from Alitalia's breaches does not mean that none occurred. To the contrary, we concluded

that Alitalia's breach of the exclusivity provision of the contract "likely resulted in injury to plaintiffs" (*Id.*, Concl. No. 41).

Thus, plaintiffs have suffered from their failure to offer sufficient proof of damages. In our view, denying plaintiffs their costs would further punish them for the insufficiency of their damages evidence, while conferring a benefit on Alitalia, despite its proven misconduct as reflected by the judgment of liability against it. We choose not to exercise our discretion in a way that would create that result.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' bill of costs (doc. # 249), and awards plaintiffs costs in the amount of $39,565.94.[1]

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATED: November 12, 2008**

---

[1] On November 6, 2008, Alitalia filed a suggestion of bankruptcy (doc. # 269), stating that on November 5, 2008, a bankruptcy court in New York had entered a temporary restraining order staying litigation against Alitalia. However, the temporary restraining order shows that while the bankruptcy court has barred any enforcement of judgments against Alitalia, it denied (without prejudice) Alitalia's request to stay any lawsuits (*Id.*: TRO at 6, paras. (a) and (d)). During a telephone conference the Court held with all parties on November 7, 2008, counsel for Alitalia agreed that the pending bankruptcy proceeding does not bar the Court from ruling on the bill of costs.

4